# MINTZ & GOLD LLP
ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ*
ALAN KATZ
JEFFREY D. POLLACK*
ELLIOT G. SAGOR
IRA LEE SORKIN
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. MCCORMICK
ROBERT B. LACHENAUER
KEVIN M. BROWN
ALEXANDER H. GARDNER
HEATH LORING
PETER GUIRGUIS
AMIT SONDHI*
ROBIN C. FRIED
RYAN W. LAWLER*
TIMOTHY H. WOLF
TIMOTHY J. QUILL, JR.
JULIA B. MILNE
ADAM D. FRIEDLAND
MARIA EVA GARCIA*
PETER G. CAPACCHIONE

*ALSO ADMITTED IN NEW JERSEY

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

*SENIOR COUNSEL*
LISABETH HARRISON
JACK A. HORN
NOREEN E. COSGROVE

*OF COUNSEL*
HONORABLE VITO J. TITONE *(dec.)*
(NY State Court of Appeals 1985-1998)
HONORABLE HOWARD MILLER
(NY Appellate Div. 1999-2010 [ret.])
HARVEY J. HOROWITZ
NEAL M. GOLDMAN
ERIC M. KUTNER
ANDREW P. NAPOLITANO✝

✝ADMITTED TO PRACTICE ONLY BEFORE ALL
COURTS IN NEW JERSEY AND ALL FEDERAL COURTS
IN NEW YORK CITY

September 29, 2017

**Via ECF**

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom: 4F, Chambers: N 631
Brooklyn, New York 11201

Re:  *David S. Jones v. Trevor Tahiem Smith, Jr., et al.*,
Case No. 16-cv-2194 (PKC) (RML)

Dear Judge Chen:

This firm represents defendants Trevor Tahiem Smith, Jr. (a/k/a "Trevor George Smith, Jr." & "Busta Rhymes") and Starbus LLC in the above-referenced action. We write pursuant to the Court's September 20, 2017 Order and Section 3.A of Your Honor's Individual Practices and Rules to request a pre-motion conference for Defendants to file a pre-trial dispositive motion pursuant to Fed. R. Civ. P. 56.

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Pamela K. Chen
September 29, 2017
Page 2 of 3

*Celotex Corp. v Catrett*, 477 U.S. 317, 322, (1986). There are no genuine issues as to many material facts in this action: all of Plaintiff's causes of action fail as a matter of law. Specifically, Plaintiff's FLSA cause of action fails as a matter of law because he was an independent contractor. His indisputable independent contractor status also dooms his state law wage and city law discrimination claims. Following summary resolution of the those claims in Defendants' favor, the Court should decline to continue to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for assault and battery.

Plaintiff's FLSA claim fails because Plaintiff was an independent contractor, not an employee, under the economic reality test's relevant factors. *See, e.g.*, United States v. Silk, 331 U.S. 704 (1947). First, Plaintiff had control over his own work schedule. Defendants contracted with Plaintiff's pre-existing entity, Divine Limo, Inc. Defendants paid Divine Limo $100,000.00 per year. And Plaintiff had absolute control over recruiting and scheduling substitute drivers (once Mr. Smith initially approved those drivers). Plaintiff was free to provide his and his entity's services to other individuals, which he often did -- with Defendants' knowledge and support.

Plaintiff's opportunity for profit and loss was determined by his management of Divine Limo. Plaintiff was free to hire substitute drivers to drive Defendants or other customers; in other words, the amount of money Plaintiff earned correlated with his work hours, the number of substitute drivers he hired, and the number of additional clients he took on – all factors under Plaintiff's sole control. Plaintiff also took tax deductions for his alleged business expenses for Divine Limo, including vehicle repairs and entertainment expenses. Finally, after Plaintiffs engagement with Defendants ended, he filed for – and collected – unemployment insurance benefits charged to the account of Divine Limo. The foregoing factors – which are illustrative, but not exhaustive – conclusively demonstrate that Plaintiff was an independent contractor, not an employee, and thus the FLSA's minimum wage and overtime provisions do not apply here.

Plaintiff's Second Cause of Action for unpaid wages per New York Labor Law also fails because he was indisputably an independent contractor. The determination of whether a person is an independent contractor rather than an employee ordinarily rests upon whether the employer

# MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Pamela K. Chen
September 29, 2017
Page 3 of 3

exercises either control over the results produced or over the means used to achieve the results. *See, e.g., Matter of Ted Is Back Corp. [Roberts]*, 64 N.Y.2d 725, 726 (1984); *Matter of 12 Cornelia St. [Ross]*, 56 N.Y.2d 895, 897 (1982). Whether Plaintiff is an "independent contractor" may be determined as a matter of law where, as here, the evidence on control is clear and presents no conflict of material fact. *See, e.g., Scott v. Massachusetts Mut. Life. Ins. Co.*, 86 N.Y.2d 429 (1995).

Plaintiff's Third Cause of Action, for age discrimination under the New York City Human Rights Law ("NYCHRL"), must fail because the NYCHRL does not protect independent contractors.[1]

Finally, the Court should decline to entertain Plaintiff's assault and battery claims. Where "all federal claims are dismissed, and considering judicial economy, fairness, and comity, [a] Court [may] decline to exercise supplemental jurisdiction over the remaining state law claims." *M.S. v Mount Sinai Med. Ctr., Inc.*, 12-CV-00051(SLT)(VMS), 2016 WL 6652719, at *3 (E.D.N.Y. Nov. 9, 2016); *see also* 28 U.S.C. 1367(c).

Respectfully submitted,

/s/Jeffrey D. Pollack

Jeffrey D. Pollack

cc: James Montgomery, Esq. (via ECF)

---

[1] Defendants respectfully submit that *O'Neill v. Atl. Sec. Guards, Inc.*, 250 A.D.2d 493, 493 (1st Dept. 1998) and its progeny were wrongfully decided and not controlling, because the *O'Neill* court seized on the provision in the 1991 amendment to N.Y.C. Admin. Code § 8-102(5)mandating that some "independent contractors" be counted as "persons" in the [defendant's] employ," but it ignored the amendment's express statement that this "counting" was to be made *solely* "for purposes of this subdivision," *i.e.*, the subdivision that defines "employer" as an entity with four or more employees. Thus, a criterion that was supposed to be used for the limited "purpose" of expanding the class of covered "employers" was mistakenly transformed into a criterion to be used more broadly for the "purpose" of expanding the class of protected "persons."