# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ*
ALAN KATZ
JEFFREY D. POLLACK*
ELLIOT G. SAGOR
IRA LEE SORKIN
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. MCCORMICK
ROBERT B. LACHENAUER
KEVIN M. BROWN
ALEXANDER H. GARDNER
HEATH LORING
PETER GUIRGUIS
AMIT SONDHI*
ROBIN C. FRIED
RYAN W. LAWLER*
TIMOTHY H. WOLF
TIMOTHY J. QUILL, JR.
JULIA B. MILNE
ADAM D. FRIEDLAND
MARIA EVA GARCIA*
PETER G. CAPACCHIONE

*ALSO ADMITTED IN NEW JERSEY

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

*SENIOR COUNSEL*
LISABETH HARRISON
JACK A. HORN
NOREEN E. COSGROVE

*OF COUNSEL*
HONORABLE VITO J. TITONE *(dec.)*
(NY State Court of Appeals 1985-1998)
HONORABLE HOWARD MILLER
(NY Appellate Div. 1999-2010 [ret.])
HARVEY J. HOROWITZ
NEAL M. GOLDMAN
ERIC M. KUTNER
ANDREW P. NAPOLITANO*

*ADMITTED TO PRACTICE ONLY BEFORE ALL
COURTS IN NEW JERSEY AND ALL FEDERAL COURTS
IN NEW YORK CITY

December 11, 2017

Via ECF

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom: 4F, Chambers: N 631
Brooklyn, New York 11201

> Re: *David S. Jones v. Trevor Tahiem Smith, Jr., et ano.*,
> Case No. 16-cv-2194 (PKC) (RML)

Dear Judge Chen:

This firm represents defendants Trevor Tahiem Smith, Jr. (a/k/a "Trevor George Smith, Jr." & "Busta Rhymes") and Starbus LLC in the above-referenced action. We write this letter jointly with Plaintiff to seek the Court's guidance regarding submitting the parties' settlement agreement (the "Settlement Agreement") for the Court's approval per the Court's November 6, 2017 Order and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The Complaint in this action (Dkt. No. 1) contains five causes of action: (1) unpaid overtime per the Fair Labor Standards Act ("FLSA"), (2) unpaid wages per New York Labor Law, (3) damages for age discrimination per the New York City Human Rights Law, (4) damages for assault, and (5) damages for battery. The Settlement Agreement resolves all of Plaintiff's aforementioned claims – four out of five of which do not require judicial approval of settlement under *Cheeks*. As a result, the rationale that "the public has an independent interest

**MINTZ & GOLD LLP**
ATTORNEYS AT LAW

Hon. Pamela K. Chen
December 11, 2017
Page 2 of 2

in assuring that employees wages are fair and thus do not endanger the national health and well-being" (*Joo v Kitchen Table, Inc.*, 763 F.Supp.2d 643, 645 (S.D.N.Y. 2011) (internal quotations omitted)) is inapplicable to Plaintiff's claim.

The Defendant in this action is both a public figure (a well-known recording artist) and private individual. Thus, the Settlement Agreement contains a confidentiality provision limited to the state and city claims, which explicitly carves out Plaintiff's FLSA claim. The Settlement Agreement's confidentiality provision is included to protect against his privacy. Thus, filing the Settlement Agreement via ECF would make it publicly available in contravention of the confidentiality provision. We seek the Court's guidance on how to submit it for approval.

Respectfully submitted,

/s/Jeffrey D. Pollack

Jeffrey D. Pollack

cc: James Montgomery, Esq. (via ECF)